IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOTIAN SUN,<br>PENGFEI XUE,<br><br>*Defendants*. | Case No. 1:21-CR-646-TJK<br><br>Case: 1:24-mc-00079<br>Assigned To : Kelly, Timothy J.<br>Assign. Date : 6/25/2024<br>Description: MISC |

### APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6, non-party Apple Inc. ("Applicant"), through counsel, seeks access to the exhibits that were admitted during the trial testimony of four of the government's witnesses – Special Agent Alan Poorman, Wen Jin Gao, Dian Luo, and Nicholas Orozco. Applicant, the victim in this case, needs to review these exhibits in order to fully understand the evidence at trial, and to aid Applicant in understanding how Defendants and their co-conspirators planned and conducted their scheme to defraud Applicant. This understanding will, in turn, help Applicant to remediate the harm caused and to detect and prevent other, similar fraud schemes.

### STATEMENT OF FACTS

1. This criminal case was tried in February, 2024. On February 20, 2024, the jury returned verdicts of guilty on all counts for both Defendants.

2. At trial, the government presented evidence of a complex international fraud scheme whereby inauthentic Apple iPhones were imported and returned to Apple in the United States in exchange for authentic Apple iPhones. The government began its case with the testimony of Homeland Security Investigations Special Agent Alan Poorman. In addition, three



**RECEIVED**

**JUN 25 2024**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

individuals who had entered plea agreements with the government testified – Wen Jin Gao, Dian Luo, and Nicholas Orozco (the "Cooperators").

3. A variety of documents were admitted into evidence as government exhibits during the trial testimony of SA Poorman and the Cooperators. These documents played an important role in the witness testimony and the government's case as a whole. They included records reflecting the importing of the inauthentic iPhones as well as e-mail and text communications among Defendants and the Cooperators.

4. This admitted evidence was filled with information about the specific plans of and techniques used by Defendants and their co-conspirators as part of their scheme to defraud Applicant. For example, the government introduced evidence of plans and techniques concerning: (a) modifying inauthentic devices in various ways order to deceive Applicant and "pass" Applicant's inspection; (b) using different identities to conceal the scheme from Applicant; (c) evading U.S. customs; and (d) accessing Applicant's non-public information systems.

5. As part of its efforts to fully understand the evidence at trial, following the jury's verdict, Applicant obtained transcripts of the trial testimony of several of the government's witnesses. However, while the transcripts contain references to admitted trial exhibits, they do not include copies of the exhibits themselves. Applicant seeks to review the admitted exhibits and, if deemed necessary by Applicant, copy one or more of them at Applicant's expense.

6. Applicant, through counsel, asked both the government and the Court for guidance on how to access the exhibits admitted at trial. Applicant's understanding is that an application under Local Criminal Rule 57.6 is the proper way to request access. A proposed order granting the Application is attached.

## APPLICANT'S INTEREST

7. Much of the Cooperators' testimony concerned communications among the Cooperators, the Defendants, and others about various methods for tricking Applicant into accepting inauthentic iPhones under Applicant's warranty program. Those communications were admitted as evidence, either through the Cooperators or Agent Poorman. Apple is interested in reviewing these communications in order to fully understand the evidence at trial and, more broadly, to aid Applicant in understanding how Defendants and their co-conspirators planned and conducted their scheme to defraud Applicant.

8. Applicant is also interested in admitted records concerning the logistics and payments associated with the inauthentic iPhones. These records were admitted into evidence during the testimony of Agent Poorman.

9. As the victim of the scheme involving Defendants, the Cooperators, and others, Applicant has a strong interest in fully understanding the scheme in order to remediate the harm caused and to detect and prevent other, similar fraud schemes targeting Applicant.

10. There is a "strong presumption" in favor of public access to admitted trial exhibits. *See United States v. Jackson*, 2021 WL 1026127, *5 (D. D.C. 2021) (video exhibits submitted to magistrate judge were judicial records and therefore triggered the strong presumption of public access); *In re: Bard IVC Filters Products Liability Litig.*, 2019 WL 186644, *2 (D. Ariz. 2019) ("Case law clearly recognizes that transcripts of court proceedings and exhibits presented in open court constitute judicial records for purposes of the public right of access."). "[O]nly the most compelling showing can justify post-trial restriction on disclosure of testimony or documents actually introduced at trial." *Poliquin v. Graden Way, Inc.*, 989 F.2d

527, 533 (1st Cir. 1993). Applicant is unaware of any possible showing that would meet this high standard and overcome the strong presumption of access.

11.     Counsel for Applicant contacted counsel for each of the Defendants as well as counsel for the government, and asked for their position on this Application. Counsel for Defendant Xue and counsel for the government responded that they had no objection to the relief sought. Counsel for Defendant Sun did not respond.

### PRAYER FOR RELIEF

Based on the foregoing, non-party Apple Inc. respectfully requests that it be granted access to the trial exhibits admitted by the government during the trial testimony of Agent Poorman, Wen Jin Gao, Dian Luo, and Nicholas Orozco.

Respectfully submitted, this 25th day of June, 2024.

/s/ Alexander M. Bullock
Alexander M. Bullock (D.C. Bar No. 446168)
Kilpatrick Townsend & Stockton LLP
701 Pennsylvania Avenue, Suite 200
Washington, DC  20004
Telephone: (202) 824-1416
abullock@ktslaw.com

Clay C. Wheeler (NC Bar No. 38713)*
Kilpatrick Townsend & Stockton LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC  27609
Telephone: (919) 420-1717
cwheeler@ktslaw.com
*Pro Hac Vice Application Forthcoming*

*Counsel for Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2024, the foregoing Application for Access to Trial Exhibits was filed with the Clerk of the Court. A true and correct copy was sent by United States mail, first-class postage prepaid, and was also sent by electronic mail, to each of the following:

Kondi Jon Kleinman (kondi.kleinman2@usdoj.gov)
Ryan K.J. Dickey (ryan.dickey@usdoj.gov)
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
*Counsel for the United States*

Stephen F. Brennwald (sfbrennwald@cs.com)
Brennwald & Robertson, LLP
922 Pennsylvania Ave., S.E.
Washington, D.C. 20003
*Counsel for Defendant Sun*

Steven Roy Kiersh (skiersh@aol.com)
Law Offices of Steven R. Kiersh
5335 Wisconsin Ave., N.W., Suite 440
Washington, D.C. 20015
*Counsel for Defendant Xue*

/s/ Alexander M. Bullock
Alexander M. Bullock